IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TYNEL STEWARD,

      Plaintiff,

vs.   No. CIV 20-0341 JB/KBM

CHIEF IGNACIO JUSTICE CENTER/ADULT
DETENTION; MESCALERO TRIBAL
COURT; MESCALERO SUPREME COURT;
MESCALERO BIA LAW ENFORCEMENT
OFFICE and LA SALLE (LCDC) (SCDC)
(UTUDC),

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court sua sponte under rule 41(b) of the Federal Rules of Civil Procedure on Plaintiff Tynel Steward's Cover Sheet/Rights Assertion, filed on April 14, 2020 (Doc. 1)("Complaint"). The Court will dismiss the Complaint without prejudice for failure to prosecute this proceeding.

The record reflects that all mailings to Steward from the Court were returned as undeliverable. See Letter, filed April 27, 2020 (Doc. 3)(returned as undeliverable); Letter, filed April 27, 2020 (Doc. 4)(returned as undeliverable). The record reflects that Steward has not provided the Court with a new address, submitted any filings, or taken any action to prosecute this case since filing the Complaint on April 14, 2020. The Court takes judicial notice that another civil rights case, which Steward filed around the same time as this case, has also been dismissed, because all mail sent to Steward was returned as undeliverable, and Steward failed to notify the Court of a change in address. See Steward v. FNU LNU, No. CIV 20-0360 KWR/JFR, Order of Dismissal, at 1 (D.N.M., filed May 29, 2020)(Doc. 5)(Riggs, J.)(dismissing "Plaintiff's Prisoner

Civil Rights Complaint under Fed. R. Civ. P. 41(b) for failure to prosecute and comply with court orders"). See also Duhart v. Carlson, 469 F.2d 471, 473 (10th Cir. 1972)(concluding that a court may take judicial notice of its own records). The Court surmises that Steward has been transferred or released from custody. See Steward v. FNU LNU, No. CVI 20-0360 KWR/JFR, Order of Dismissal, at 1 (noting that "Plaintiff's name does not appear on any state or federal 'inmate locator' website.")(no citation for quotation).

Pro se litigants must follow the Federal Rules of Civil Procedure and simple, nonburdensome local rules. See Bradenburg v. Beaman, 632 F.2d 120, 122 (10th Cir. 1980). The local rules require litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court. See D.N.M. LR-Civ. 83.6. The Court concludes that Steward has not complied with D.N.M. LR-Civ. 83.6, because Steward has failed to prosecute this action by not keeping the Court apprised of his current address and by not taking any action since filing the Complaint. The Court may dismiss an action under rule 41(b) for failure to prosecute, to comply with the Federal Rules of Civil Procedure, or to comply with court orders. See Fed. R. Civ. P. 41(b); Olsen v. Mapes, 333 F.3d 1199, 1204, n.3 (10th Cir. 2003)("Rule [41] . . . permit[s] courts to dismiss actions *sua sponte* for a plaintiff's failure to . . . comply with [civil rules and] court orders."). The Court will, therefore, dismiss this civil proceeding pursuant to rule 41(b) for failure to prosecute.

**IT IS ORDERED** that: (i) Plaintiff Tynel Steward's Cover Sheet/Rights Assertion, filed on April 14, 2020 (Doc. 1), is dismissed without prejudice; and (ii) the Court will enter separate Final Judgment disposing of this case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Tynel Steward
Towaoc, Colorado

    *Plaintiff Pro se*